Turley, J.
delivered the opinion of the court.
On the 26th day of July, 1842, M. D. Fizer recovered a judgment before T. Connell, a justice of the peace, against Andrew Wait, for the sum of $158 38, upon which a writ of ji.fa. was issued on the 6th day of August, 1842, and returned on the 27th “no property found.” On said last mentioned day a ca. sa. was issued upon said judgment, by John C. North, a justice of the peace for the same county, which was executed on the same day and bond taken in the usual form for defendant’s appearance at the next term of the circuit court of Dyer county, with John Hart and Mark Spencer his sureties. At the February term of said court, 1843, the parties appeared by their attorneys, and defendants in the bond moved the court to. quash the proceedings, upon the grounds that the ca. sa. was issued before the return of the fi. fa. and that the ca. sa. was issued by a justice who did not render the judgment; and proposed to prove that Connell, the justice who did render it, was not absent from Dyer county for three months. The judge refused to quash the proceedings, and the defendant failing to comply with the conditions of his bond, judgment was given against him and his sureties. In this we think there was no error. Th efi.fa. was returned on the 27th day of August, and the ca. sa. issued on the same day. The return of the first may have well been and no doubt was prior in time to the issuance of the ca. sa. By the act of 1835, chap. 17, sec. 15, if the office of a justice of the peace become vacant, his books and papers shall be deposited with his successor, and until a successor be elected, with the nearest justice; and if any justice shall absent himself from his district for three months together, he shall deposit his books and papers with the nearest justice; and in both *50 instances it is the duty of the person into whose possession such books and papers may come, to act upon them until the vacancy is supplied in the one instance, or the justice returns in the other: the same law also provides, that any justice of the peace may issue an execution upon any judgment rendered by any other justice of the same county, whenever the justice rendering the judgment is temporarily absent, under the same rules and regulations that govern the justice who rendered it. Now, here are three cases specified in which a justice may issue process upon a judgment rendered by another: 1st. In case of vacancy in the office, till filled by the election of a successor: 2d. Absence of the justice for three months from his district, till his return: 3d. Temporary absence, during such absence. Under which of these, this execution was issued, does not appear. In the absence of proof to the contrary, the presumption is, that the process was regularly issued. The offer to prove that the justice was not absent from his district for the space of three months, if it were admissible, would not have shown that there was no temporary absence, nor vacancy in the office by death or resignation. But we think this proof on the motion to quash was inadmissible: the party complaining of the irregularity of the process should have filed his petition in the circuit court, setting forth his grounds of objection thereto, and asked it to be superseded and quashed;; and he comes too late with his motion upon matters de hors the record after he has given bond and security to pay the debt, or take the benefit of the insolvent laws. Judgment affirmed.